UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
OCT 2 6 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 03-349-GWU

BRYAN MIDDLETON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Counsel for the plaintiff has filed a motion for an award of attorney's fees under 28 U.S.C. Section 2412(d), the Equal Access to Justice Act (EAJA), seeking $100.00 per hour for 33.20 hours of work performed in 2004 and $125.00 per hour for 3.6 hours of work performed in 2005, in addition to $800.00 in costs associated with obtaining two consultative examinations. The Commissioner objects to the number of hours billed, and to some of the specific items claimed.

## DISCUSSION

First, the Commissioner points out that counsel billed 20.6 hours in a single day for preparing her motion for summary judgment, and categorizes this as "an implausible legal marathon." As counsel does not appear to contest this description and has provided no corrected itemization, the number of hours compensated for the motion will be reduced by 12.6, to 8 hours.

1

Middleton

Second, the Commissioner opposes the award of any costs "associated with redundant consultative examinations obtained for use in a separate application without the required prior approval." The Commissioner asserts that any costs, fees, or expenses related to the plaintiff's second application for benefits should be addressed at the administrative level. To evaluate this argument, a short review of the procedural background is required.

The plaintiff filed an initial application for Disability Insurance Benefits (DIB) in August, 2001, which was denied by an Administrative Law Judge (ALJ) in 2001. Subsequently, a complaint appealing the adverse decision was filed in this Court on July 1, 2003. Docket Entry No. 2. In the meantime, the plaintiff had filed a new DIB application on August 27, 2002. See attachments to Memorandum in Support of Plaintiff's Alternative Motions for Summary Judgment Pursuant to Sentence Four or Sentence Six of 42 U.S.C. Section 405(g), Docket Entry No. 21. An ALJ considered additional, unspecified psychological evidence submitted by the plaintiff in connection with the new application, and determined that the prior application should be reopened and revised. The ALJ awarded benefits with an onset date of March 21, 2000. His hearing decision was dated April 20, 2004. Id. The Commissioner filed a Motion to Remand Under Sentence Six of 42 U.S.C. Sections 405(g);1383(c)(3) on June 8, 2004. Docket Entry No. 22.

The Commissioner's motion to remand, in contrast to the Commissioner's present position, had stated that the Commissioner believed "remand would be

2

appropriate in this case for the purpose of considering the new and material evidence submitted to this Court by Plaintiff attached to his Motion for Summary Judgment." Id. at 2. The Commissioner then specifically cited an October 29, 2003 consultative psychological examination conducted by Robert Spangler, Ed.D., a licensed psychologist, which diagnosed mental retardation. Id. The Commissioner continued, requesting the Court "to remand the case and consolidate it with the subsequent claim that was decided while the case at bar was pending judicial review." Id. at 4.

In view of these facts, the Commissioner's present stance that hours billed after the Sentence Six remand were in connection with a subsequent application, and not compensable at the present time, is without merit. Likewise, the Commissioner's posture that the cost of the Spangler evaluation should not be compensable is inconsistent with her view of his evaluation in the original Motion to Remand Under Sentence Six, and with the ALJ's apparent reliance on Spangler's findings in reopening the prior application and awarding benefits.

. The plaintiff does, however, seek $400.00 in costs associated with another psychological evaluation obtained from "Rebakah Ramey, S.L.P.E., L.P.C.," in addition to 1.8 hours in fees at $100.00 per hour related to scheduling and reviewing her report. Docket Entry No. 28. This report was not mentioned in the Commissioner's request for a Sentence Six remand, and there is no specific indication in the hearing decision that it was material to the ALJ's determination.

Middleton

Moreover, the plaintiff has provided no explanation of why an opinion from an individual who apparently had fewer qualifications than Mr. Spangler, or a previous psychological examiner, Dr. Gary Maryman, was necessary to the outcome of the case.

Accordingly, counsel for the plaintiff is awarded $3,590.00 in fees and $400.00 in costs.

This the ___26___ day of October, 2005.

G. WIX UNTHANK
SENIOR JUDGE